**NORTH SLOPE BOROUGH; Alaska Eskimo Whaling Commission, Plaintiffs—Appellants,**

v.

**MINERALS MANAGEMENT SERVICE; Randall B. Luthi; United States Department of the Interior; Dirk Kempthorne, Defendants—Appellees.**

No. 08-35180.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2009.

Filed Aug. 27, 2009.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Christopher Winter, Portland, OR, Jonathan G. Jemming, Esquire, Assistant Borough, North Slope Borough–Law Department, Barrow, AK, for Plaintiffs–Appellants.

Dean Keith Dunsmore, Environment & Natural Resources U.S. Department of Justice, Anchorage, AK, David B. Glazer, Senior, U.S. Dept. Justice Environmental and Natural Resources Div., San Francisco, CA, Tamara N. Rountree, U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Before: FARRIS, THOMPSON and RAWLINSON, Circuit Judges.

### MEMORANDUM *

North Slope Borough and the Alaska Eskimo Whaling Commission (collectively, "North Slope") challenge the Minerals Management Service's ("MMS") decision not to prepare a supplemental environmental impact statement for a proposed oil and gas lease sale on a tract of the outer-continental shelf in the Beaufort Sea. The parties are familiar with the facts; we need not recount them here. The district court found that North Slope failed to show that MMS acted arbitrarily or capriciously. We agree, and affirm.

■ MMS satisfied its duties under the National Environmental Protection Act ("NEPA") by taking the requisite "hard look" at new information concerning the impact of rising oil prices on the activities related to Lease Sale 202, and issuing a finding of no new significance. *See North Idaho Cmty. Action Network v. U.S. Dep't of Trans.*, 545 F.3d 1147, 1154–55 (9th Cir.2008).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The agency did not act arbitrarily or capriciously in determining no supplemental environmental impact statement was required to address new information about the impact of seismic activity on Inupiat subsistence activities. The impact of this new information, and the effectiveness of the existing and new proposed mitigation measures, were adequately analyzed in the 2006 Final Programmatic Environmental Assessment, which was incorporated by reference into the 2006 Environmental Assessment for Lease Sale 202. *See, e.g., Laguna Greenbelt, Inc. v. U.S. Dep't of Transp.,* 42 F.3d 517, 530 (9th Cir.1994). Contrary to North Slope's arguments, a mitigation plan need not be legally enforceable to comply with NEPA. *Nat'l Parks & Conservation Ass'n v. U.S. Dep't of Trans.,* 222 F.3d 677, 681 n. 4 (9th Cir.2000).

Nor did MMS act arbitrarily or capriciously in determining that the risks posed to polar bears by the cumulative effects of global warming could be mitigated. Once again, the record demonstrates that the agency took the requisite hard look at this new information. Though the agency's mitigation plan is not yet complete, MMS discussed the mitigation measures "in sufficient detail to ensure that environmental consequences have been fairly evaluated[.]" *See Westlands Water Dist. v. U.S. Dept. of Interior,* 376 F.3d 853, 872 (9th Cir.2004) (quoting *Neighbors of Cuddy Mountain v. U.S. Forest Serv.,* 137 F.3d 1372, 1380 (9th Cir.1972)).

We reject North Slope's contention that MMS violated NEPA by failing to disclose dissenting opinions from its scientists on whether a supplemental statement was required to address new information about the impacts of Lease Sale 202 on Arctic wildlife. The duty to disclose and respond to "responsible opposing viewpoints" imposed by 40 C.F.R. § 1502.9(b) applies only to environmental impact statements, not environmental assessments. Furthermore, North Slope failed to identify any specific new information which shows that Lease Sale 202 may have a significant impact on Arctic wildlife.

Finally, MMS's use of significance thresholds in interpreting and applying the significance factors set forth in 40 C.F.R. § 1508.27 does not violate NEPA.

**AFFIRMED.**